**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 298 WAL 2021 |
| | : | |
| Petitioner | : | |
| | : | Petition for Allowance of Appeal |
| | : | from the Order of the Superior Court |
| v. | : | |
| | : | |
| | : | |
| KEITH ROSARIO, | : | |
| | : | |
| Respondent | : | |
| | | |
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 299 WAL 2021 |
| | : | |
| Petitioner | : | |
| | : | Petition for Allowance of Appeal |
| | : | from the Order of the Superior Court |
| v. | : | |
| | : | |
| | : | |
| KEITH ROSARIO, | : | |
| | : | |
| Respondent | : | |
| | | |
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 300 WAL 2021 |
| | : | |
| Petitioner | : | |
| | : | Petition for Allowance of Appeal |
| | : | from the Order of the Superior Court |
| v. | : | |
| | : | |
| | : | |
| KEITH ROSARIO, RESONDENT | : | |

**ORDER**

**PER CURIAM**

    **AND NOW**, this 25th day of January, 2022, the Petition for Allowance of Appeal is **GRANTED**.  The issues, as stated by petitioner, are:

(1) Did the Superior Court err and abuse its discretion and misapprehend and ignore or misapply the doctrine of *stare decisis* in its *Simmons* decision by overturning over 40 years of case law permitting the revocation of consecutive probation sentences not yet commenced where there has been a substantive violation and conviction in a new case?

(2) Did the Superior Court abuse its discretion and misapprehend and misapply the statutory authority it cited in *Simmons*, which statutes do not clearly and unambiguously speak to or demand the result of prohibiting violation of probation sentences that have not yet commenced when a substantive violation has occurred?